UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br>v.<br><br>TERINNA LYNN MAY,<br><br>        *Defendant.*<br>_____/ | **ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING**<br><br>CASE NUMBER: 4:22-CR-20533 |

## I.  Procedural Background

On July 23, 2024, a Judgment was entered by United States District Judge Shalina D. Kumar, in which Defendant was sentenced to probation for a term of three years for Conspiracy to Manufacture Counterfeit Currency pursuant to 18 U.S.C. § 371(g).  (ECF No. 60).

Defendant's term of supervised release began on or about July 18, 2024.  (ECF No. 61).  District Judge Kumar issued a warrant for Defendant's arrest based on a violation of supervised release conditions pursuant to an order of this court.

Defendant was arrested in connection with that warrant.  On August 19, 2024, Defendant was brought before the Court on an initial appearance for the alleged violation of supervised release conditions.

Counsel for Defendant was appointed and present at the initial appearance. Defendant exercised her right to a detention hearing.  A detention hearing was held on August 19, 2024.

## II. Detention or Release Standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under Federal Rule of Criminal Procedure 32.1(a)(6) "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any person or to the community rests with the person."

### III.  Detention Findings.

The Court's findings and reasons for ordering detention, were stated on the record at the August 19, 2024, hearing and are fully incorporated by reference here. The Court finds that it is not persuaded by clear and convincing evidence that Defendant is unlikely to flee or pose a danger if released under § 3142(b) or (c). This evidence was discussed on the record in support of the Court's reasoning and includes, but is not limited to, evidence that: (1) while brief, May has a history of failing to comply with the terms of her supervision; (2) May's Petition for Warrant reflects she may have an untreated substance abuse issue. Given her poor adjustment to terms of supervision, and her repeated failure to address her issues related to controlled substances, there is a concern related to a danger to the community. For the combination of factors in this narrative, as well as those stated on the record, detention pending the supervised release violation hearing is warranted.

### IV.  Order

I **ORDER** the detention of Defendant without bail pending her supervised release violation hearing before District Judge Shalina D. Kumar.

Date: August 19, 2024                      S/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served by other electronic means on the U.S. Marshal Service.

Date: August 19, 2024                      By s/ Sara Krause
                                                   Case Manager